IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID COOPER                    *

    Petitioner,              *

v.                              *       2:07-CV-129-WKW
                                        (WO)
SHERIFF D.T. MARSHALL, *et al.*, *

    Respondents.             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 13, 2007 the court granted Petitioner fourteen days to file with the Clerk of Court either the $5.00 filing fee or a motion for leave to proceed *in forma pauperis* accompanied by an affidavit in support thereof. (Doc. No. 3.) On February 21, 2007 the court granted Petitioner a fourteen day extension to comply with the February 13 order. (*See* Doc. No. 4.) Petitioner was cautioned that his failure to comply with the court's orders would result in a Recommendation that his petition be dismissed. (*Id.*) The requisite time has passed and Petitioner has not provided the court with either the filing fee or an appropriate non-prisoner *pro se* motion for leave to proceed *in forma pauperis*. Consequently, the court concludes that dismissal of this case is appropriate for Petitioner's failure to comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Petitioner's failures to comply with the orders of this court and to adequately prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 20, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of March 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE